IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL BAZLEY,

        Petitioner,                      No. CIV S-08-0120 MCE DAD P

    vs.

BOARD OF PRISON HEARINGS,

        Respondent.                ORDER
_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner challenges the revocation of his parole on the grounds that his probable cause hearing was held in an untimely fashion. Petitioner was arrested on June 25, 2007 and on June 27, 2007, he received notice of the parole violation charges brought against him. His probable cause hearing was held on July 16, 2007. Petitioner contends that the "Valdivia Act" was violated in that his probable cause hearing was held 16 business days, rather than 10

1

business days, after he received notice of the charges.[1]  Petitioner contends that the delay was prejudicial to him because it affected his ability to "reach witness" and "to bring document to support petitioner['s] case." (Petition, Attach. "Supporting Facts" at 1.)  Petitioner argues that "if the error had not been made it is reasonably likely that the result and outcome would have been more favorable for petitioner."  (Id.)[2]

   There are several deficiencies with the petition.  First, petitioner has not named a proper respondent.  "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254).  If the petitioner is on probation or parole, the proper respondents are his probation or parole officer and the official in charge of the parole or probation agency or the state correctional agency.  Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir.1996).  Accordingly, the instant petition must be dismissed with leave to amend.  See Stanley, 21 F.3d at 360.

   Second, petitioner must clarify whether he has already completed serving the sentence imposed for the parole violation in question.  Petitioner is advised that Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  Accordingly, a petitioner seeking to challenge the revocation of his parole must demonstrate that continuing collateral consequences exist if the term imposed for violating parole has been served.  Spencer v. Kemna, 523 U.S. 1, 14-18 (1998); Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir. 1987) (holding that a habeas claim was moot because the petitioner could not be ordered released from a term imposed for violating parole that had already been served).  Therefore, if petitioner has already served any sentence imposed for the parole violation he now

---

[1] The court notes that petitioner is mistaken in his computation.  The probable cause hearing was held twelve business days after his receipt of notification of the parole violation charges.  Thus, it appears that the probable cause hearing was two days late.

[2] Petitioner's received a ten month sentence and his parole period was extended for six months. (Petition, Attach. "Supporting Facts" at 1.)

seeks to challenge, he must first explain what collateral consequences he continues to suffer as a result of that parole violation.

Third, petitioner must clarify his claim. Petitioner is advised that a remedial court order, such as the one entered in the Valdivia case, does not create rights, privileges or immunities secured by the Constitution. El Muhammad v. Schwarzenegger, No. C 06-739 MHP (PR), 2006 WL 1883347, at *1 (N.D. Cal. July 7, 2006) (citing Green v. McKaskle, 788 F.2d 1116, 1123-24 (5th Cir. 1986) (remedial decrees are means by which unconstitutional conditions are corrected but do not create or enlarge constitutional rights) and DeGidio v. Pung, 920 F.2d 525, 534-35 (8th Cir. 1990)).

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis (Doc. No. 2) is granted;

2. Petitioner's petitioner for writ of habeas corpus is dismissed;

3. Petitioner is granted thirty days from the date of service of this order to file an amended petition that complies with the requirements of the Federal Rules of Civil Procedure; the amended petition must bear the docket number assigned this case and must be labeled "Amended Petition;" petitioner must use the form petition provided by the court and answer each question on the form; petitioner's failure to file an amended petition in accordance with this order will result in the dismissal of this action; and

4. The Clerk of the Court is directed to provide petitioner with the court's form petition for a writ of habeas corpus.

DATED: March 27, 2009.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
baz0120.9